# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SARAH BYERLY, on behalf of herself and others similarly situated, | ) )  CASE NO. |
| Plaintiff, | ) )  JUDGE )  |
| v. | )  **CLASS AND COLLECTIVE ACTION** )  **COMPLAINT** |
| ROBIN INDUSTRIES, INC. | ) )  **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

Plaintiff Sarah Byerly, by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendant Robin Industries, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is an adult individual residing in Holmes County, Ohio.

8. At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9. Defendant is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located in Cuyahoga County, Ohio. Defendant can be served through its Statutory Agent, Frederick G. Stueber at 22801 St. Clair Ave., Cleveland, OH 44117-1199.KDG Service Co. LLC, 29525 Chagrin Boulevard, Suite 250, Pepper Pike, Ohio 44122.

10. At all relevant times, Defendant conducted business in Cuyahoga County, Ohio.

2

11. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA and the OMFWSA, who routinely worked forty (40) or more hours per workweek.

16. Plaintiff and those similarly situated were required to record their time using Defendant's timekeeping system. However, regardless of what time Plaintiff and other similarly-situated employees clocked in and began performing work, Defendant would round the employees' start time to the start of their scheduled shift for purposes of calculating the employees' pay.

17. Likewise, regardless of what time Plaintiff and other similarly-situated employees ceased performing work and clocked out, Defendant would round off the employees' end time to the end of their scheduled shift for purposes of calculating the employees' pay.

18. Additionally, before the start of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities, such as obtaining clean gloves and armbands, and, if the employee was assigned to work in Defendant's clean room, putting on protective clothing.

19. These activities were a necessary and indispensable part of their principal activities, were required by Defendant, and were performed for the Defendant's benefit.

20. Defendant's failure to pay Plaintiff and those similarly situated for the activities described herein resulted in Plaintiff and those similarly situated being denied overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of two (2) classes of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

22. The FIRST class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current non-exempt hourly employees employed at Defendant's Ohio facilities who were subject to rounding within three years preceding the date of filing of this Complaint to the present (the "FLSA Rounding Class").**

23. The SECOND collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current non-exempt hourly employees of Defendant who performed off-the-clock pre- and/or post-shift work within three years preceding the date of filing of this Complaint to the present (the "FLSA OTC Class").**

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

25. The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

26. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and two classes of current or former employees employed by Defendant at its Ohio facilities within the last two years.

27. The FIRST Rule 23 class is defined as:

**All former and current non-exempt hourly employees employed at Defendant's Ohio facilities who were subject to rounding within two years preceding the date of filing of this Complaint to the present (the "Ohio Rounding Class").**

28. The SECOND Rule 23 class is defined as:

**All former and current non-exempt hourly employees of Defendant who performed off-the-clock pre- and/or post-shift work within two years preceding the date of filing of this Complaint to the present (the "Ohio OTC Class").**

29. Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio OTC and Ohio Rounding Classes but, upon information and belief, avers that each consists of at least 75 employees.

30. There are questions of law or fact common to the Ohio Rounding Class including: whether Defendant's rounding practice resulted in the underpayment of overtime.

31. There are questions of law or fact common to the Ohio OTC Class including: whether Defendant failed to pay its employees for their pre- and/or post-shift activities and whether this practice resulted in the underpayment of overtime.

32. Plaintiff will adequately protect the interests of the Ohio Rounding and Ohio OTC Classes (collectively the "Ohio Classes"). Her interests are not antagonistic to but, rather, are in unison with, the interests of the members of the Ohio Classes. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

33. The questions of law or fact that are common to the each of the respective Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to each class, listed above, are common to each class as a whole, and predominate over any questions affecting only individual class members.

34. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of

6

pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Rounding Class)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

37. The FLSA permits an employer to round to the nearest quarter hour, so long as the rounding is not always in the employer's favor. For example, if an employer rounds, time from 1-7 minutes may be rounded down, but must round up time from 8-14 minutes.

38. Here, Defendant's uniform company-wide policy, Defendant rounds its employees' clock-in time in a manner in which an employee always loses credit for time actually worked, thereby resulting in the underpayment of overtime.

39. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

40. Defendant's failure to keep accurate records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

41. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

42. As a result of Defendant's practices and policies, Plaintiff and the FLSA Rounding Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – FLSA OTC Class)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

45. Defendant violated the FLSA by having a company-wide policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

46. Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

47. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

48. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

49. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

50. As a result of Defendant's practices and policies, Plaintiff and the FLSA OTC Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT THREE
### (Overtime Violations – Ohio Rounding Class)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

53. Pursuant to Defendant's uniform company-wide policy, Defendant rounds its employees' clock-in time in a manner in which an employee always loses credit for time actually worked.

54. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation for all hours worked in excess of 40 due to Defendant's company-wide rounding policy.

55. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

56. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated Ohio law.

57. As a result of Defendant's practices, Plaintiff and the Ohio Rounding Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## COUNT FOUR
### (Overtime Violations – Ohio OTC Class)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

60. Defendant violated Ohio law by having a company-wide policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

61. Defendant further violated Ohio law with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

62. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated Ohio law.

63. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated Ohio law.

64. As a result of Defendant's practices, Plaintiff and the Ohio OTC Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the two FLSA Classes (Rounding and OTC) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Classes;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com


Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Robi J. Baishnab (0086195)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*