# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SARAH BYERLY, on behalf of herself and others similarly situated, | ) ) ) | CASE NO. 1:19-cv-1004 |
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| ROBIN INDUSTRIES, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANT. | ) ) | |

Before the Court is the motion of plaintiff Sarah Byerly ("plaintiff" or "Byerly") for conditional certification and court-authorized notice. (Doc. No. 10 ["Mot."].) Defendant Robin Industries, Inc. ("defendant" or "Robin Industries") filed a memorandum in opposition (Doc. No. 18 ["Opp'n"]), and Byerly filed a reply (Doc. No. 19 ["Reply"]). Robin Industries also filed a motion for leave to surreply (including the surreply as an exhibit) (Doc. No. 20 ["Surreply"]), which Byerly has opposed (Doc. No. 21 ["Surr. Opp'n"]). For the reasons set forth below, Byerly's motion for conditional certification (Doc. No. 10) is granted. Further, Robin Industry's motion for leave to surreply (Doc. No. 20) is granted; the Court has considered arguments raised in both Doc. No. 20 and Doc. No. 21.

## I.  BACKGROUND

On May 3, 2019, Byerly filed her complaint against Robin Industries alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA"). Byerly seeks to bring this as a collective action for the FLSA claim and as a Rule 23 class action for the OMFWSA claim.

Byerly alleges that employees of Robin Industries are "required to record their time using [Robin Industries'] timekeeping system." (Doc. No. 1, Complaint ["Compl."] ¶ 16.) She further alleges that, when employees clocked in, Robin Industries "would round the employees' start time to the start of their scheduled shift for purposes of calculating the employees' pay." (*Id.*) Similarly, when employees clocked out of work, Robin Industries "would round off the employees' end time to the end of their scheduled shift for purposes of calculating the employees' pay." (*Id.* ¶ 17.) In addition, Byerly alleges that, "before the start of their shifts, [employees of Robin Industries] were required to perform certain unpaid off-the-clock work activities, such as obtaining clean gloves and armbands, and [for certain tasks] . . . protective clothing." (*Id.* ¶ 18.)

Based on these allegations, Byerly's complaint identifies two collectives[1] that she seeks to give notice and to represent:

> All former and current non-exempt hourly employees employed at Defendant's Ohio facilities who were subject to rounding within three years preceding the date of filing of this Complaint to the present (the "FLSA Rounding Class").

> All former and current non-exempt hourly employees of Defendant who performed off-the-clock pre- and/or post-shift work within three years preceding the date of filing of this Complaint to the present (the "FLSA OTC Class").

(*Id.* ¶¶ 22, 23.)

---

[1] No motion has yet been filed to certify classes under Rule 23 for purposes of the OMFWSA. The Court notes that the two proposed Rule 23 classes are similar to the FLSA collectives, except that they are limited to persons employed by Robin Industries within two (2) years of this action's commencement. (Compl. ¶¶ 27, 28.) It is not a foregone conclusion that conditional certification of collectives for FLSA purposes (which requires that persons opt *in*) will entitle plaintiff to class certification under Rule 23(a) and (b)(3) for the Ohio claim (which requires that persons opt *out*) or, for that matter, that this Court will permit the two claims to proceed in the same action. Courts around the country have struggled with this recent trend of so-called "hybrid lawsuits involving both a Rule 23 class action and a FLSA collective action[.]" *Kuncl v. Int'l Bus. Mach. Corp.*, 660 F. Supp. 2d 1246, 1250–51 (N.D. Okla. 2009) (discussing hybrid actions and courts' "differing conclusions as to whether a Rule 23 state law wage claim[] may proceed in the same action as an FLSA collective wage claim[]") (cited by *George v. Companions of Ashland, Inc.*, No. 1:16-CV-00429, 2016 WL 4641468, at *2 n.25 (N.D. Ohio Sept. 7, 2016) (where the court, on the parties' stipulation, simultaneously conditionally certified both a FLSA collective and a Rule 23 class, and then declined to decertify the Rule 23 class on defendant's subsequent argument that the low number of opt-ins for the FLSA collective demonstrated a lack of numerosity for the Rule 23 class)).

## II.     LEGAL STANDARD

A collective action for unpaid overtime under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b); *see Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).[2] Further, FLSA actions are "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" 29 U.S.C. § 255(a).

The Sixth Circuit has "'implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action.'" *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Heibel v. U.S. Bank Nat'l Ass'n*, No. 2:11–CV–00593, 2012 WL 4463771, at *2 (S.D. Ohio Sept. 27, 2012) (citing *In re HCR ManorCare, Inc.*, No. 113866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011)). "The first [step] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (quotation marks and citations omitted).

This case is only at the first step, where plaintiff bears the burden of showing that the employees in the collective are "similarly situated." *Id.* To satisfy this burden at the initial notice stage, the plaintiff must only "make a modest factual showing" that she is similarly situated to the

---

[2] A collective action brought under § 216(b) is distinguishable from a Rule 23 class action in that plaintiffs in a collective action must "opt-in" rather than "opt-out" of the lawsuit. The "opt-in" nature of the collective action "heightens the need for employees to 'receiv[e] accurate and timely notice concerning the pendency of the collective action.'" *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). The statute, therefore, vests in the district court the discretion to facilitate notice to potential plaintiffs "in appropriate cases[.]" *Hoffmann-La Roche*, 493 U.S. at 169.

other employees she is seeking to notify. *Id.* 546–47 (quotation marks and citation omitted). The standard at the notice stage is "fairly lenient . . . and typically results in 'conditional certification' of a representative class[.]" *Id.* at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). During this preliminary stage, a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) (collecting cases).[3]

As regards the initial inquiry, the Sixth Circuit has observed that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, -- U.S. --, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016). Plaintiffs may meet the similarly situated requirement if they can demonstrate, at a minimum, that "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*; *see Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865–66, 868 (S.D. Ohio 2005) (at this stage, a plaintiff must establish a "colorable basis" for his allegation that others are similarly situated and should therefore be notified of the action); *see also Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (at the initial notice stage, "the named plaintiff need only show that [his] position [is] similar, not identical, to

---

[3] During the second step, courts have discretion to make a thorough finding regarding the "similarly situated" requirement, based upon a more fully developed record. *See Comer*, 454 F.3d at 547. At this step, a court is more inclined to consider "'(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff, [and] (3) fairness and procedural considerations . . . .'" *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006) (quoting *Theissen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)) (further quotation marks and citations omitted). Should the district court determine that, after this more rigorous and fact-intensive analysis, the claimants are similarly situated, "the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007).

the positions held by the putative class members") (alterations in original) (quotation marks and citation omitted).

## III.  DISCUSSION

Byerly's motion seeks to conditionally certify the following collective:

> All former and current non-exempt employees employed by Defendant at one of Defendant's Ohio facilities who worked forty (40) or more hours in one or more workweeks within three years preceding the date of filing of this Complaint to the present (the "Collective Class").

(Mot. at 69.[4]) Robin Industries argues that conditional certification should not be granted for two reasons.

First, Robin Industries asserts that Byerly has failed to establish that she is similarly situated to entire categories of non-exempt employees because the declarations accompanying her motion speak to only one job classification at two of defendant's four facilities and each job classification and facility is unique. Specifically, defendant maintains that the personal protective equipment ("PPE") required to be worn is different for each job position at each facility, and that the transition between shifts (in facilities where there *are* shifts) is different for each job position. A collective, however, can be conditionally certified if the putative members "'were victims of a common policy or plan that violated the law[.]'" *Comer*, 454 F.3d at 547 (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)). Here, Byerly satisfies this "common policy" test, alleging that the putative members were subjected to one or both of two common policies: the rounding of time sheets with respect to start and stop times; and the

---

[4] All page number references are to the page identification number generated by the Court's electronic docketing system.

failure to pay for time spent both donning and doffing necessary equipment and getting directions from previous shift workers.

Second, defendant argues that Byerly's interests are in direct conflict with other potential members of the collective who have ownership interests in Robin Industries (which is an employee-owned company—an ESOP). Defendant asserts, without reference to any authority, that "[s]ince the non-vested employees will be seeking to maximize any recovery and the damages may dilute the value of the stock to the direct detriment of the owners, . . . there is a conflict making the proposed class unworkable." (Opp'n at 115.) In reply, plaintiff points out that, undoubtedly, all owners of companies would prefer that the value of their shares not be reduced through liability for wage and hour violations; but, defendant's status as an employee-owned company does not give it license to violate wage and hour laws, with no recourse for employees who suffered the alleged violations. (Reply at 145–46.)[5]

The Court concludes that plaintiff has met the fairly lenient burden for conditional certification of this action as a collective action, subject to decertification following discovery, should that prove necessary. In addition, the collective that is conditionally certified at this time will need to be rearticulated more narrowly, following notice (and, if necessary, some discovery), so as to better conform to the specific allegations alleged in paragraphs 22 and 23 of the complaint.

---

[5] In its surreply, Robin Industries changes its argument on conflict, asserting that "the point is that both groups cannot be represented by the same lawyer or law firm." (Surreply at 151.) Plaintiff responds by asserting that there *is* no conflict among the potential members of the collective, without addressing the representation issue raised by defendant. (Surr. Opp'n at 153.) The Court concludes that, if this is truly an issue, it is for another day; it need not be considered as part of the conditional certification analysis.

## IV.  CONCLUSION

For the reasons set forth herein, plaintiff's motion for conditional certification and court-authorized notice (Doc. No. 10) is granted. The Court conditionally certifies the following collective under 29 U.S.C. § 216(b):

> All former and current non-exempt employees employed by defendant Robin Industries, Inc. at one of defendant's Ohio facilities who worked forty (40) or more hours in one or more workweeks within three years preceding the date of filing of this Complaint to the present (the "collective").

Robin Industries is directed to provide to plaintiff's counsel, within fourteen (14) days of this ruling, a roster of persons who are encompassed by this collective, including their full names, dates of employment, and last known home addresses and personal email addresses.

Further, with the benefit of this ruling, the parties shall confer and, within twenty-one (21) days of this ruling, shall jointly submit for the Court's approval their proposed notice to potential plaintiffs, along with the proposed consent form.

Within fourteen (14) days after the Court approves the notice, counsel shall confer and jointly submit proposed dates for the Case Management Plan, including recommendations for all the following: Track Assignment; deadline for adding parties or amending pleadings; method for ESI; fact discovery cutoff; deadlines for identifying burden of proof experts and providing reports, for identifying rebuttal experts and providing reports, and for the expert discovery cutoff; deadlines for filing dispositive motions, for filing responses, and for filing replies; and suggested dates for status conference(s), final pretrial conference, and trial (two-week standby).

**IT IS SO ORDERED**.

Dated: September 9, 2019

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**