IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SARAH BYERLY, on behalf of herself and others similarly situated, | ) ) ) |
| | ) Case No. 1:19-CV-1004 |
| Plaintiff, | ) ) Judge Sara Lioi |
| vs. | ) ) ) |
| ROBIN INDUSTRIES, | ) ) ) ) |
| Defendant. | ) |

**JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT AND PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT**

Plaintiff Sarah Byerly ("Plaintiff") on behalf of herself and others similarly situated (the "Class Members") and Defendant Robin Industries, Inc. ("Defendant") hereby respectfully request that this Honorable Court:

1. Approve the Parties' Settlement Agreement, attached hereto as **Exhibit 1**;

2. Give final approval of the collective claims brought pursuant to the Fair Labor Standards Act ("FLSA");

3. Give preliminary approval of the Class Action settlement, and approve the Notice of Proposed Settlement of Class Action and Fairness Hearing ("Settlement Notice") to the Class Members, attached hereto as **Exhibit 2**, pursuant to Fed. R. Civ. P. 23(e);

4. Designate Hans A. Nilges, Jeffrey J. Moyle, and Shannon M. Draher of Nilges Draher LLC as Class Counsel, and preliminarily approve their request for attorneys' fees and costs; and

5. Preliminarily Approve the service payment for Plaintiff Sarah Byerly;

In support of this motion, Plaintiff and Defendant submit the Settlement Agreement and its exhibits and Declaration of Hans A. Nilges (attached as **Exhibit 3**). The following schedule sets forth a proposed sequence for the Settlement:

Five (5) days after Preliminary Approval of the Class Action Settlement: Defendant's Counsel will provide the Settlement Administrator a spreadsheet containing the names, last known addresses, Social Security Numbers, and dates of employment of the Class Members;

Fourteen (14) days after Preliminary Approval of the Class Action Settlement: the Settlement Administrator will mail the Settlement Notice to the Class Members;

Forty-five (45) days after mailing of the Settlement Notice: Last day for Class Members to "opt-out" of the Settlement and submit written objections to the Settlement.;

Sixty (60) days after mailing of the Settlement Notice: The Parties will file a Joint Motion for Final Approval of the Settlement, which shall include a Declaration verifying that the Settlement Notice was distributed, a proposed estimated schedule of settlement payments, and proposed Final Order and Judgment Entry;

Approximately ninety (90) days after preliminary approval is granted: Fairness Hearing;

Thirty-One (31) days after the Court's Final Order and Judgment Entry: Effective Date of the Settlement Agreement;

Ten (10) days after the Effective Date: Settlement Administrator will mail the settlement payments to the Class Members who do not opt-out of the Class Action settlement, the Service Award to Plaintiff, and the attorneys' fees and reimbursement of litigation expenses to Plaintiff's Counsel, as outlined in the Settlement Agreement.

As explained in the attached Memorandum in Support, the Settlement Agreement was reached during arms-length negotiations between the Parties, with the assistance of Mediator Michael Ungar, which were conducted by experienced counsel following substantial investigation exchange of informal, and on the basis of mutual recognition of the strengths and weaknesses of each other's positions, and the risks to each side of continued litigation.

Respectfully submitted,

| **NILGES DRAHER LLC** | **KAUFMAN, DROZDOWSKI & GRENDELL, LLC** |
|---|---|
| */s/ Hans A. Nilges* | */s/ James M. Drozdowski (with permission)* |
| Hans A. Nilges (0076017) | James M. Drozdowski (0065215) |
| Shannon M. Draher (0074304) | Nancy A. Oliver (0071142) |
| 7266 Portage Street, NW, Suite D | 29525 Chagrin Boulevard, Suite 250 |
| Massillon, Ohio 44646 | Pepper Pike, Ohio 44122 |
| Telephone: (330) 470-4428 | Tel: 440.462.6216 |
| Fax: (330) 754-1430 | Fax: 440.462.6504 |
| hans@ohlaborlaw.com | jim@kdglegal.com |
| sdraher@ohlaborlaw.com | nao@kdglegal.com |
| | *Counsel for Defendant* |
| Jeffrey J. Moyle (0084854) | |
| 614 W. Superior Avenue, Suite 1148 | |
| Cleveland, Ohio 44113 | |
| Telephone: (216) 230-2955 | |
| Fax: (330) 754-1430 | |
| jmoyle@ohlaborlaw.com | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2020, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
Hans A. Nilges

*One of the Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. The Action

On May 3, 2019, Plaintiff filed this Action, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees all of their overtime pay.[1] Specifically, Plaintiff alleged that, pursuant to a companywide policy, Defendant required its hourly employees to perform unpaid pre-shift work.[2] Plaintiff's complaint sought certification of a class under Section 216(b) of the FLSA for Defendant's alleged FLSA violation, and Fed. R. Civ. P. 23 for Defendant's alleged violation of Ohio law.[3] On May 22, 2019, Defendant filed its Answer to Plaintiff's Complaint, in which Defendant denied Plaintiff's material allegations, and that it violated any federal or state law.[4]

On July 5, 2019, Plaintiff filed a Motion for Conditional Certification, seeking certification of an "opt-in" class under the FLSA.[5] Defendant opposed the Motion on August 5, 2019.[6] On September 9, 2019, the Court granted Plaintiff's Motion for Conditional Certification.[7] Shortly thereafter, notice was sent to the class, informing them of the Action and giving class members the opportunity to join.[8] A total of 147 class members opted in to the lawsuit.[9]

---

[1] ECF No. 1.
[2] *Id*.
[3] *Id*.
[4] ECF No. 5.
[5] ECF No. 10.
[6] ECF No. 18.
[7] ECF No. 22.
[8] Declaration of Hans Nilges (hereinafter "Nilges Decl."), attached as Exhibit 3, at ¶ 9.
[9] *Id*.

### B.     Mediation and Negotiation of The Settlement

Soon after the close of the opt-in period, the Parties agreed to participate in private mediation with Michael Ungar, a well-respected attorney and mediator from the law firm of Ulmer & Berne, LLP.[10] In advance of mediation, Defendant provided Plaintiff with time records and payroll data for a random sample of the Opt-In Plaintiffs. Plaintiff's' Counsel engaged a consultant (a Ph.D-level economist) to evaluate the records and create a mathematical damages model for the class, which Plaintiff's counsel shared with Defendant's counsel in advance of mediation.[11] The Parties engaged in mediation on January 29, 2020 with Mediator Ungar, and the Parties reached a settlement in principle at that time.[12]

### C.     The Settlement Terms

The Settlement Agreement resolves the individual and collective claims made pursuant to the FLSA, and provides classwide relief and distribution of funds pursuant to Rule 23.[13] The terms of the Settlement Agreement include: the total settlement payment to be made by Defendant ($300,000.00), the effective date of the Settlement, the administration of notice and class payments, the process for distributing notice of the Class Action settlement to the Class Members, the process by which the Class Members can opt-out of or object to the Class Action Settlement, the process for distributing settlement payments to Class Members who do not opt-out of the Class Action settlement, the proposed service award to Plaintiff in recognition of her services in this Action, and the proposed distribution of reasonable attorneys' fees and expense reimbursements to Plaintiff's Counsel.[14] In addition, the agreement provides that Plaintiff will

---

[10] Nilges Decl. at ¶ 10.
[11] *Id.* at ¶ 11.
[12] *Id.* at ¶ 12.
[13] *Id.* at ¶ 13
[14] *See* Exhibit 1.

2

execute a separate individual settlement agreement with Defendant, which will contain a general mutual release of all claims.

Pursuant to the terms of the Settlement Agreement, the net settlement amount (after fees, costs, and Plaintiff's service award are deducted from the gross settlement) will be distributed amongst the Class Members who do not opt out of the Class Action settlement.[15] The Class Members who do not opt-out of the Class Action settlement will release all any and all claims under the FLSA and Ohio overtime law made against Defendant in the Lawsuit up to the Effective Date of the Settlement Agreement, which is thirty-one days (31) days after the Court's Final Order and Judgment Entry approving the Settlement.[16]

## II. THE COURT SHOULD APPROVE THE FLSA CLASS MEMBERS' SETTLEMENT

Settlement of claims made pursuant to § 216(b) of the FLSA are subject to approval by the Court. As shown in the attached Declaration of Hans Nilges, and as explained below, Court approval is warranted on all scores.

### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

---

[15] *See* Exhibit 1.
[16] *Id.*

3

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3. Application of those factors to this settlement demonstrates that approval is warranted.

### 1. No Indicia of Fraud or Collusion Exists

Plaintiff's Counsel and Defendant's counsel have extensive experience litigating FLSA claims, including claims for unpaid overtime, and were each given the opportunity to assess the merits of each parties and defenses, as well as the potential damages at issue in this case. The Settlement Agreement was achieved only after arms-length and good faith negotiations between the Parties with the assistance of Mediator Michael Ungar.[17] As such, there is no indicia of fraud or collusion.

---

[17] Nilges Decl. at ¶ 14.