# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SARAH BYERLY, on behalf of herself and others similarly situated, | Case No. 1:19-CV-1004 |
| Plaintiff, | Judge Sara Lioi |
| vs. | **ORDER GRANTING APPROVAL OF FLSA SETTLEMENT AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE** |
| ROBIN INDUSTRIES, | |
| Defendant. | |

Plaintiff Sarah Byerly (the "Class Representative") and Defendant Robin Industries, Inc. ("Defendant") have moved the Court, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and Rule 23(e) of the Federal Rules of Civil Procedure for entry of an order: (a) finally approving the FLSA Class settlement, as described in the Joint Stipulation of Class Action Settlement and Release ("Settlement Agreement"); (b) preliminarily approving the Rule 23 Class settlement, as described in the Settlement Agreement; (c) conditionally certifying a settlement class under Fed. R. Civ. P. 23 for purposes of proceeding in connection with the final approval of the settlement agreement; (d) approving the form of the class notice and directing the manner of delivery thereof; (e) approving Hans A. Nilges, Jeffrey J. Moyle, and Shannon M. Draher of Nilges Draher LLC as Class Counsel; (f) approving the Plaintiff as collective and class representative; and (g) scheduling a hearing to consider the fairness of the Rule 23 Class settlement pursuant to Fed. R. Civ. P. 23 and *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement ("Motion for Approval"), the Declaration of Hans A. Nilges appended thereto, and the pleadings

and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting final approval of the FLSA Settlement and preliminary approval of the Rule 23 Class Action Settlement, and approving notice to the Class Members as follows:

1. Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

2. On May 3, 2019, Plaintiff filed this Action, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio overtime statute by failing to pay Plaintiff and other similarly situated employees all of their overtime pay.

3. The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records, and Class Counsel engaged an expert to review the voluminous timekeeping and pay records and formulate a damages model, which Class Counsel shared with Defense Counsel. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

4. The Parties engaged in mediation on January 29, 2020 with well-respected mediator Michael Ungar, at which the Parties reached an agreement to settle this Action.

5. The Settlement Agreement resolves the individual and collective claims of the Class Representative and Class Members (as defined herein) made pursuant to the FLSA, and provides classwide relief and distribution of funds pursuant to Rule 23. The Settlement Agreement is subject to approval by the Court pursuant to the FLSA and Fed. R. Civ. P. 23(e).

6. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims, with the assistance of mediator Michael Ungar.

7. The Settlement Agreement is hereby FINALLY APPROVED as to the FLSA Class Members' claims as provided in the Settlement Agreement and PRELIMINARILY APPROVED as to the Rule 23 Class Members' claims as provided in the Settlement Agreement, for notice purposes as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's length negotiations between the Plaintiff and Defendant. In making these findings, the Court considered the nature of the claims, the relative strength of the Plaintiff's claims, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the settlement agreement was entered into in good faith.

8. As to the Class Representative and the Class Members she represents, the Court finds that the proposed settlement class qualifies for provisional certification under Rule 23(a) and (b)(3). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. The Class Representative Sarah Byerly is an adequate representative of the Class – she is a member of the Class and she possesses the same interests and suffered the same alleged injuries as the Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Class Members are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable and adequate as to the Class.

9. The Court provisionally certifies the Class pursuant to Rule 23(a) and (b)(3) as follows:

> All former and current non-exempt employees employed by defendant Robin Industries, Inc. that worked at one of defendant's Ohio facilities who worked forty (40) or more hours in one or more workweeks during the period of time from May 3, 2016 to January 29, 2020.

10. The Court approves Sarah Byerly as the Class Representative, and appoints as class counsel, Hans A. Nilges, Jeffrey J. Moyle, and Shannon M. Draher of Nilges Draher LLC.

11. The Court provisionally approves the Service Award for Sarah Byerly in recognition of her services in this Action.

12. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

13. The Court approves the proposed Class Action Settlement Notice as to substance, form, and manner of distribution, and orders that it be distributed to Class Members in the manner described in the Settlement Agreement.

14. The Court directs that the Class Members be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed settlement may be considered.

15. The Fairness Hearing will be held on **July 9, 2020** at **9:00 a.m.** Class Members requesting exclusion from the Class Action Settlement and/or objecting to the Class Action Settlement must timely request exclusion and/or file objections in the time and the manner set forth in the Class Action Settlement Notice. Specifically, the Class Members must take such steps by not later than forty-five (45) days after the initial mailing of the Class Action Settlement Notice.

16. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Class Action Settlement Notice was distributed to the Class Members in the form and manner approved herein.

17. The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than ten (10) days prior to the Fairness Hearing.

18. The Court orders that, pending Final Approval, Class Members are preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlement Agreement.

IT IS SO ORDERED this 18th day of March, 2020.

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**